IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 23 2018   ★

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

BARON T. LTD and FAST OPERATING CORP. d/b/a
CARMEL CAR & LIMOUSINE SERVICE

                                Plaintiffs,

        -against-

ARIE MASLAWI, CARMEL CAR
SERVICE NYC and AM AUTO GROUP CORP.

                                Defendants.

------------------------------------------------------------------X

CV18-3034

Civil Action No.

VITALIANO, J.

TISCIONE, M.J.

**COMPLAINT**

Plaintiffs, Baron T. Ltd. and Fast Operating Corp. d/b/a Carmel Car & Limousine Service ("Plaintiffs"), by and through their undersigned attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, as and for their Complaint against Defendants, Arie Maslawi, Carmel Car Service NYC and AM Auto Group Corp. ("Defendants"), allege the following.

**NATURE OF THE ACTION**

1.      This is an action for trademark infringement, counterfeiting, dilution and false designation under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c); cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1); and trademark infringement, dilution and unfair competition under N.Y. General Business Law § 360-l and the common law of the State of New York.

**PARTIES**

2.      Plaintiff, Baron T. Ltd. is a New York corporation, having its principal place of business located at 2642 Broadway, New York, New York 10025.

3.      Plaintiff, Fast Operating Corp. d/b/a Carmel Car & Limousine Service is a New York corporation, having its principal place of business located at 36-31 10th Street, Long Island City, New York 11106.

4.      Defendant, Arie Maslawi ("Maslawi") is an individual that resides at 43-04 69th Street, Unit 3, Woodside, New York 11377.

5.      Defendant, Carmel Car Service NYC is an unlicensed New York company, which, according to its website (discussed *infra*), maintains a principal place of business located at 348 West 57th Street, New York, New York 10019.

6.      Upon information and belief, 348 West 57th Street, New York, New York 10019 is a "UPS Store" which is one of the largest franchisor of retail shipping, postal, printing and business service centers.

7.      Defendant, AM Auto Group Corp. is a New York corporation, having its principal place of business located at 43-04 69th Street, Unit 3, Woodside, New York 11377.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) for the claims arising out of the violations of Section 32 and Section 43 of the Lanham Act; and it has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Section 360-l of the New York Business Law, and all other claims arising under the common law of the State of New York.

9.      Venue is proper in this Judicial District under 28 U.S.C. § 1391, because Defendants reside within this Judicial District, and because a substantial part of the events giving rise to Plaintiffs' action occurred in this Judicial District.

2

## FACTS GIVING RISE TO PLAINTIFFS' CLAIMS

10.     Plaintiffs own and operate a Livery Base Station duly licensed by the New York City Taxi & Limousine Commission ("TLC") (B#00256).

11.     Since 1983, Plaintiffs have continuously and without interruption utilized the name "Carmel" in the provision of its for-hire car and limousine transportation services in the New York City metropolitan area.

12.     Plaintiffs own the following federally registered trademarks (the "Carmel Trademarks"):

| Reg. Number | Citation | Registration Date | Classes |
|---|---|---|---|
| 3,073,155 | CARMEL | March 28, 2006 | 39 |
| 4,521,923 | CARMEL | April 29, 2014 | 42 |
| 4,593,031 | CARMEL | August 26, 2014 | 9 |
| 5,195,908 | CARMEL LIMO AT YOUR FINGERTIPS | May 2, 2017 | 42 |
| 4,533,067 | CARMEL XPRESS | May 20, 2014 | 9, 39 |
| 4,522,099 | NEED A RIDE? JUST CARMEL IT! | April 29, 2014 | 9, 42 |
| 4,521,925 | NEED A RIDE? JUST CARMEL IT! | April 29, 2014 | 39 |

13.     The Carmel Trademarks owned by Plaintiffs are in full force and effect. Copies of the Carmel Trademarks' registration certificates are annexed hereto as **Exhibits "A" – "G"**.

14.     Plaintiffs have and continue to use the Carmel Trademarks in connection with its provision of for-hire car and limousine transportation services in the New York City metropolitan area.

15.     Plaintiffs have and continue to use the Carmel Trademarks in conjunction with their provision of on-line non-downloadable software for providing transportation reservation services and for providing a website booking service for customers who request transportation services and for dispatching motorized vehicles to customers seeking transportation services in the New York metropolitan area.

3

16.     Plaintiffs have engaged in substantial advertising and promotion of its Carmel brand for over 30 years.

17.     Plaintiffs have expended and continue to expend substantial sums of money to advertise and promote their services under their Carmel trademark.

18.     In or about May of 2017, Plaintiffs discovered the existence of a website operating under the domain name: www.carmelcarservicenyc.com (the "Infringing Website").

19.     Plaintiffs' subsequent investigation revealed that the Infringing Website is registered to, and operated by, Defendant Arie Maslawi ("Maslawi") of 43-04 69th Street, Queens, New York 11377.

20.     A true and accurate copy of the screenshot taken from www.betterwhois.com, confirming Maslawi as registrant for the Infringing Website is attached hereto as **Exhibit "H"**.

21.     According to the Infringing Website, Maslawi improperly and without authorization, utilizes the Carmel Trademarks in providing on-line non-downloadable software for the provision of transportation reservation services and for providing a booking service for customers who request transportation services.

22.     Maslawi provides for-hire car and limousine transportation services under the infringing name, "Carmel Car Service NYC," in the same area/locale in which the Plaintiffs have been providing identical services for over 30 years.

23.     According to the Infringing Website, Maslawi provides on-line non-downloadable software for providing transportation reservation services and for providing a booking service for customers who request transportation services.

24.     True and accurate copies of the screenshots taken from the Infringing Website are attached hereto as **Exhibit "I"**.

25.     Plaintiff's investigation of the NYS Department of State, Division of Corporations' website indicates: "No business entities were found for Carmel Car Service NYC."

26.     A true and accurate copy of the relevant screenshot taken from the NYS Department of State, Division of Corporations' website is attached hereto as **Exhibit "J"**.

27.     The Infringing Website allows customers to book reservations from "Carmel Car Service NYC" through its website booking service, or through a telephone number listed on the Infringing Website (212-695-6370).

28.     After discovering Defendants' Infringing Website and infringing business, Plaintiffs contacted the telephone number on the Infringing Website (212-695-6370), and confirmed that Maslawi is, in fact, operating a for-hire car and limousine transportation business under the "Carmel" name.

29.     Maslawi is <u>not</u> now and has never been authorized to use the "Carmel" name.

30.     Maslawi's Facebook page advertises Maslawi's for-hire car and limousine transportation services under the telephone number contained on the Infringing Website (212-695-6370).

31.     A true and accurate copy of the screenshot taken from Maslawi's Facebook page is attached hereto as **Exhibit "K"**.

32.     Plaintiffs utilized the web booking engine contained on the Infringing Website to book a reservation with Maslawi's infringing company for July 17, 2017 at 3:00PM.

33.     After Plaintiffs booked the reservation, Plaintiffs subsequently engaged in multiple telephone conversations with an individual who stated that she was calling on behalf of "Carmel Car Service" to confirm Plaintiffs' reservation; and when Plaintiffs subsequently cancelled the reservation, the woman stated that Plaintiffs could re-book the reservation by

contacting the telephone number on the Infringing Website (212-695-6370), or by using the Infringing Website's web booking engine.

34.  Plaintiffs thereafter contacted the TLC, by letter dated July 19, 2017, and requested that the TLC take immediate action to investigate and prohibit Defendants' operation of an unlicensed car service base, in violation of the rules of the TLC.

35.  A true and accurate copy of Plaintiffs' July 19, 2017 letter to the TLC is attached hereto as **Exhibit "L"**.

36.  On or about July 20, 2017, Plaintiffs served Defendants with a cease-and-desist letter demanding that Defendants immediately discontinue any and all use of the "Carmel" name in connection with Defendants' sale, marketing, distribution, promotion and identification of Defendants' services.

37.  A true and accurate copy of Plaintiffs' July 20, 2017 cease-and-desist letter to Defendants is attached hereto as **Exhibit "M"**.

38.  In light of Defendants' failure to comply with Plaintiff's July 20, 2017 demand, on or about September 1, 2017, Plaintiffs served Defendant with an additional cease-and-desist letter,

39.  A true and accurate copy of Plaintiffs' September 1, 2017 cease-and-desist letter to Defendants is attached hereto as **Exhibit "N"**.

40.  The TLC's subsequent investigation, as reported to Plaintiffs, confirmed what Plaintiffs had previously learned:  that Maslawi, in fact, operates a for-hire car and limousine transportation service business under the name, "Carmel Car Service NYC," and that Maslawi utilizes a vehicle bearing license plate number T668083C, which is registered to Defendant AM Auto Group Corp., in furtherance to Defendants' infringing transportation service business.

41.     Plaintiffs' subsequent investigation confirmed that Maslawi is the owner and operator of both Defendant Carmel Car Service NYC and Defendant AM Auto Group Corp.

42.     According to the NYS Department of State, Division of Corporations' website, "AM Auto Group Corp." is listed as an "active domestic business corporation" (DOS ID # 4820134) with an address of:  43-04 69th Street, Unit 3, Woodside, New York 11377 – which is Maslawi's address.

43.     A true and accurate copy of the relevant screenshot taken from the NYS Department of State, Division of Corporations' website is attached hereto as **Exhibit "O".**

44.     On September 1, 2017, Plaintiffs contacted the TLC to confirm that immediate enforcement action would be taken as Maslawi's operation of an unlicensed car service base is a clear violation of the rules of the TLC as well as the New York City Administrative Code.

45.     On September 1, 2017, Christopher Wilson, Esq., General Counsel for the TLC and Deputy Commissioner for Legal Affairs for the TLC contacted Plaintiffs and confirmed that there is an open and active investigation into the matter.

46.     On October 6, 2017, Plaintiffs contacted Mohammed Akinlolu, Esq., the TLC's Assistant Commissioner for Prosecutions to inquire as to the status of the investigation into Maslawi and the unlicensed operation of a car service based under the name "Carmel Car Service NYC".

47.     On October 6, 2017, Mohammed Akinlolu, Esq. notified Plaintiffs that the TLC was taking steps to curb the illegal operation in question.

48.     On October 31, 2017, Plaintiffs again contacted Mohammed Akinlolu, Esq. to inquire about the status of the TLC's investigation as a significant amount of time had passed and Maslawi was still operating "Carmel Car Service NYC" in violation of the TLC rules.

49.     The TLC did not respond to Plaintiffs' October 31, 2017 inquiry.

50.     From January 2018 through April 1, 2018, Plaintiffs have attempted through all means possible to contact Maslawi and "Carmel Car Service NYC" to convince them to cease and desist their illegal conduct.

51.     Plaintiffs have also continued to seek the intervention of the TLC, the regulatory authority for for-hire transportation in the City of New York.

52.     Despite Plaintiffs' efforts, Defendants remain defiant and the TLC has informed Plaintiffs that its efforts to forestall Maslawi's illegal conduct (which have included, *e.g.,* an attempted sting operation that was thwarted by Maslawi) have been stymied by Maslawi.

53.     Despite Plaintiffs' transmission of the above-described cease-and-desist letters, Defendants have and continue to infringe upon Plaintiffs' rights to the Carmel Trademarks.

54.     Defendants' illegal conduct has directly caused negative customer feedback to be posted on various websites, including Yelp.com and Google, incorrectly associating Defendants' substandard services with the Carmel brand.

55.     In the transportation services industry, referrals and positive reviews on social media are the most important sources of new customers; and each negative impression caused by the substandard service provided by an infringing, "copy-cat" company – such as Defendants' – will eventually reach additional potential customers, thereby multiplying the long-lasting harm to Plaintiffs' goodwill and market share.

56.     If and when existing and prospective customers continue to incorrectly associate Defendants' substandard services with the Carmel brand, those customers will more than likely contact a competing transportation service.

57.     Any loss of existing and prospective customers hurts, especially because the transportation services industry has become much more competitive in the last few years, in part due to the existence of "mobile-app" transportation service companies like Uber and Lyft.

8

58.     Defendants have and continue to attempt in bad faith to cash in on Plaintiffs' exemplary reputation by diverting customers through Defendants' unauthorized use of the "Carmel" name and the Infringing Website.

59.     Plaintiffs, the *owners* of the Carmel Trademarks, are presently sustaining immediate and irreparable injury to the "Carmel" brand, its goodwill and reputation, which it has developed through several decades of work, and the expenditure of millions of dollars each year in marketing and promotions (*e.g., via* cable television, radio (WCBS Radio), print media (newspapers, City Guide, Where Magazine, In room guides, *etc.*), direct mail (Val Pak), internet (email blasts, social media platforms and Google, *etc.*), stationary billboards and dioramas (airports), mobile billboards (ad trucks), coupons and flyers (airports – Plaintiffs maintain Ground Transportation Permit via Port Authority, EWR, JFK and LGA, and at hotels and transportation hubs), cinema advertising (via National Cinema throughout NYC), and hotels (via concierge programs and In Room guides).

60.     The impact of Defendants' infringing conduct on Plaintiffs' goodwill, reputation and profits is evidenced, *e.g.,* by reference to negative customer feedback posted on various websites, including Yelp.com and Google, incorrectly associating Defendants' substandard services with the Carmel brand.

61.     True and accurate copies of the screenshots of the multiple negative customer reviews taken from Yelp.com and Google are attached hereto as **Exhibit "P"**.

62.     The impact of Defendants' infringing conduct on Plaintiffs' goodwill, reputation and profits is unquantifiable.

## AS AND FOR A FIRST CAUSE OF ACTION
### Federal Trademark Infringement In Violation Of
### Section 32 of the Lanham Act (15 U.S.C. § 1114)

63.     Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 62, as if fully set forth at length herein.

64.     Defendants' operation of the Infringing Website is likely to cause confusion, mistake or deception as to the source of Defendants' services.

65.     As a result of Defendants' unauthorized use of Plaintiffs' federally registered Carmel Trademarks, the public is likely to believe that Defendants' services are affiliated with and/or approved by Plaintiffs, and such use falsely represents that Defendants are legitimately connected with and/or authorized by Plaintiffs.

66.     Defendants' unauthorized use of Plaintiffs' federally registered Carmel Trademarks place beyond Plaintiffs' control their own reputation and ability to control the use of the Carmel Trademarks, or the quality of the services bearing that mark.

67.     Defendants' infringement of Plaintiffs' federally registered Carmel Trademarks is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

68.     Defendants' infringing conduct has caused, and will to continue to cause, immediate and irreparable injury to Plaintiffs and to its goodwill and reputation, and will continue to do so and deceive the public unless Defendants are permanently enjoined by this Court.

69.     Plaintiffs have no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
### Unfair Competition (15 U.S.C. § 1125(a))

70.     Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 69, as if fully set forth at length herein.

71.     Defendants' use of Plaintiffs' federally registered Carmel Trademarks for services that are identical, related and/or substantially similar to those provided by Plaintiffs constitutes a false designation of origin and a false representation as to the origin of Defendants' Infringing Website.

72.     Defendants' use of Plaintiffs' federally registered Carmel Trademarks is likely to cause confusion, mistake, or deception and has caused confusion and deception as to the source of Defendants' services, and is likely to create the false impression and has created the false impression that the services are authorized, endorsed, licensed by, or affiliated with Plaintiffs.

73.     Defendants' foregoing conduct constitutes unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

74.     Defendants' foregoing conduct is willful, intended to reap the benefit of the goodwill of Plaintiffs, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

75.     Defendants' foregoing conduct has caused and is causing immediate and irreparable injury to Plaintiffs and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court.

76.     Plaintiffs have no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
### Federal Dilution (15 U.S.C. § 1125(c))

77.     Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 77, as if fully set forth at length herein.

78.     Defendants' use of Plaintiffs' federally registered Carmel Trademarks in connection with Defendants' services is likely to cause and is actually causing dilution by blurring and/or tarnishment by diminishing the ability of the Carmel Trademarks to identify services in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

11

79.     Defendants' foregoing conduct has caused and is continuing to cause immediate and irreparable injury to Plaintiffs and will continue both to damage Plaintiffs and deceive the public unless enjoined by this Court.

80.     Plaintiffs have no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Cybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))

81.     Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 80, as if fully set forth at length herein.

82.     Without authorization from Plaintiffs, Defendants have registered, trafficked in, and/or used the Infringing Website, which is confusingly similar to the Carmel Trademark.

83.     Plaintiffs' Carmel Trademarks were distinctive and famous at the time that Defendants registered the domain name for the Infringing Website.

84.     Upon information and belief, Defendants had full knowledge of Plaintiffs' prior rights in the Carmel Trademarks when Defendants secured registration for the Infringing Website.

85.     Defendants have registered, trafficked in, and/or used the Infringing Website with the bad faith intent to profit from the Carmel Trademarks.

86.     Upon information and belief, Defendants have used the Infringing Website with the bad faith intent to reap the benefit of the goodwill in the Carmel Trademarks, to divert consumers to the Infringing Website for Defendants' own commercial and financial gain, and to otherwise profit from the unauthorized use of the Carmel Trademarks.

87.     Defendants' foregoing conduct constitute cyber-piracy in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

12

88.     Defendants' unauthorized registration and use of the Infringing Website is causing immediate and irreparable injury to Plaintiffs and to the goodwill and reputation of the Carmel Trademarks, and will continue to damage Plaintiffs and the Carmel Trademarks unless the Court enjoins such use and transfers registration of the Infringing Website to Plaintiffs.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Unfair Competition Under New York Common Law

89.     Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 88, as if fully set forth at length herein.

90.     Defendants' use of the Carmel Trademarks is likely to confuse the public as to the origin of Defendants' services, or to cause mistake or to deceive the public into believing Defendants' services are authorized, sponsored, licensed by, or affiliated with Plaintiffs, in violation of Plaintiffs' rights in the Carmel Trademarks under the common law of the State of New York.

91.     Defendants' use of the Carmel Trademarks is actually confusing the public as to the origin of Defendants' services, causing mistake and deceiving the public into believing Defendants' services are authorized, sponsored, licensed by, or affiliated with Plaintiffs, in violation of Plaintiffs' rights in the Carmel Trademarks under the common law of the State of New York.

92.     Upon information and belief, Defendants chose to use the "Carmel" name in connection with Defendants' services, with full knowledge of Plaintiffs' prior use of, and rights in, the Carmel Trademarks.

93.     By adopting and using a colorable imitation of the "Carmel" name, Defendants have been unjustly enriched and Plaintiffs has been damaged.

94.     By misappropriating and trading upon the goodwill and business reputation represented by the Carmel Trademarks, Defendants have been and, unless enjoined by this Court, will continue to be unjustly enriched at Plaintiffs' expense.

95.     Defendants' use of the "Carmel" name in connection with the Infringing Website constitutes unfair competition under New York common law.

96.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiffs and will continue to both damage Plaintiffs and deceive the public unless enjoined by this Court.

97.     Plaintiffs have no adequate remedy at law.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Trademark Dilution under New York Law
### (N.Y. General Business Law § 360-l)

98.     Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 97, as if fully set forth at length herein.

99.     Plaintiffs' Carmel Trademarks are distinctive and acquired distinctiveness prior to Defendants' first use of the "Carmel" name in connection with Defendants' business and the Infringing Websites.

100.    Defendants' unauthorized use of the "Carmel" name, which is a colorable imitation of Plaintiffs' distinctive Carmel Trademarks, is diluting and is likely to continue to dilute such mark by blurring the distinctiveness of and/or tarnishing the mark, and is likely to injure and has injured Plaintiffs' business reputation and damage Plaintiffs, in that the reputation of Plaintiffs has been removed from its power and control in violation of Section 360-l of the General Business Law of the State of New York.

101.    Defendants' unauthorized acts as described above have caused and will continue to cause irreparable damage to Plaintiffs' business and goodwill unless enjoined by this Court.

14

102.    Plaintiffs have no adequate remedy at law.

**WHEREFORE,** Plaintiffs demands judgment in its favor as follows:

A.      That Defendants, jointly and severally (including Defendants' officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, parents, subsidiaries, assigns, representatives and all those persons in concert or participation with any of them) be directed to immediately cease operation of the Infringing Website and to transfer the domain name of the Infringing Website to Plaintiffs.

B.      That Defendants, jointly and severally (including Defendants' officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, parents, subsidiaries, assigns, representatives and all those persons in concert or participation with any of them) be directed to immediately cease operations under the name: "Carmel Car Service NYC", or any other name infringing upon the Carmel Trademarks.

C.      That Defendants, jointly and severally (including Defendants' officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, parents, subsidiaries, assigns, representatives and all those persons in concert or participation with any of them) be permanently enjoined from:

(1) infringing upon Plaintiffs' Carmel Trademarks;

(2) using the "Carmel" name to sell, advertise or promote Defendants' services;

(3) conducting any business under the "Carmel" name;

(4) engaging in any other activity constituting unfair competition, dilution and/or infringement of the Carmel Trademarks.

D.      Awarding Plaintiffs such damages it has sustained or will sustain by reason of Defendants' acts of cybersquatting, trademark infringement, dilution and unfair competition, and that such sums be trebled pursuant to 15 U.S.C. § 1117, including but not limited to, an award of

15

statutory damages for Defendants' violation of section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

     E.     Awarding Plaintiffs all gains, profits, property and advantages derived by Defendants from their unlawful conduct.

     F.     Awarding Plaintiffs punitive damages to deter any further willful infringement as the Court deems appropriate.

     G.     Awarding Plaintiffs its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

     H.     Awarding Plaintiffs interest, including pre-judgment interest on the foregoing sums.

     I.     Awarding Plaintiffs such other and further relief as the Court may deem just and appropriate.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Richard S. Mills
225 Liberty Street, 36th Floor
New York, New York 10281
T. (212) 483-9490
F. (212) 483-9129
*Attorneys for Plaintiffs, Baron T. Ltd. and Fast Operating Corp. d/b/a Carmel Car & Limousine Service*

Dated: New York, New York
       May 21, 2018

# EXHIBIT "A"

Apr-28-2006  01:81pm   From-                                    T-128   P.002/005   F-728

## The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

Apr-28-2006  01:31pm   From-
T-128   P.003/005   F-728

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

## United States Patent and Trademark Office

Reg. No. 3,073,155
Registered Mar. 28, 2006

### SERVICE MARK
### PRINCIPAL REGISTER

# CARMEL

BARON T. LTD. (NEW YORK CORPORATION)
2642 BROADWAY
NEW YORK, NY 10025

FOR: LIMOUSINE SERVICES; PROVIDING
TRANSPORTATION OF PASSENGERS OR GOODS
BY LIMOUSINE OR CAR, IN CLASS 39 (U.S. CLS. 100
AND 105).

FIRST USE 3-0-1983; IN COMMERCE 3-0-1983.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-558,732, FILED 2-2-2005.

DOMINICK J. SALEMI, EXAMINING ATTORNEY

**EXHIBIT "B"**

# United States of America
## United States Patent and Trademark Office

# Carmel

**Reg. No. 4,521,923**

**Registered Apr. 29, 2014**

**Int. Cl.: 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BARON T. LTD. (NEW YORK CORPORATION), DBA CARMEL
2642 BROADWAY
NEW YORK, NY 10025

FOR: PROVIDING TEMPORARY USE OF ON-LINE NON-DOWNLOADABLE SOFTWARE FOR PROVIDING TRANSPORTATION RESERVATION SERVICES, PROVIDING A BOOKING SERVICE FOR CUSTOMERS WHO REQUEST TRANSPORTATION SERVICES AND FOR DISPATCHING MOTORIZED VEHICLES TO CUSTOMERS SEEKING TRANSPORTATION, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-13-2006; IN COMMERCE 6-13-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,073,155.

SER. NO. 86-079,454, FILED 10-1-2013.

THEODORE MCBRIDE, EXAMINING ATTORNEY



*Michelle K. Lee*

Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT "C"**

# United States of America

## United States Patent and Trademark Office

# Carmel

**Reg. No. 4,593,031**

**Registered Aug. 26, 2014**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

BARON T. LTD. (NEW YORK CORPORATION), DBA CARMEL CAR AND LIMOUSINE
SERVICE
2642 BROADWAY
NEW YORK, NY 10025

FOR: DOWNLOADABLE COMPUTER SOFTWARE FOR USE IN SCHEDULING, RESERVING
AND PROVIDING TRANSPORTATION SERVICES, NAMELY, DOWNLOADABLE COM-
PUTER SOFTWARE TO ENABLE SCHEDULING RESERVATIONS FOR TRANSPORTATION
OF PERSONS BY CAR AND LIMOUSINE AND FOR DISPATCHING MOTORIZED VEHICLES
TO CUSTOMERS FOR THE PURPOSE OF PROVIDING TRANSPORTATION BY CAR AND
LIMOUSINE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-26-2010; IN COMMERCE 12-26-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,073,155.

SER. NO. 86-235,151, FILED 3-28-2014.

WANDA KAY PRICE, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT "D"**

# United States of America

## United States Patent and Trademark Office

# Carmel Limo At Your Fingertips

**Reg. No. 5,195,908**

**Registered May 02, 2017**

**Int. Cl.: 42**

**Service Mark**

**Principal Register**

BARON T. LTD. (NEW YORK CORPORATION), DBA Carmel Car & Limousine Service ,
2642 Broadway
New York, NY 10025

CLASS 42: Providing temporary use of on-line non-downloadable software and applications
for providing transportation reservation services, providing a booking service for customers
who request transportation services and for dispatching motorized vehicles to customers
seeking transportation

FIRST USE 6-8-2016; IN COMMERCE 6-8-2016

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY
PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 3073155

No claim is made to the exclusive right to use the following apart from the mark as shown:
"LIMO"

SER. NO. 86-153,244, FILED 12-27-2013
CHRISTOPHER M LAW, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**EXHIBIT "E"**

# United States of America

## United States Patent and Trademark Office

# Carmel Xpress

**Reg. No. 4,533,067**

**Registered May 20, 2014**

**Int. Cls.: 9 and 39**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BARON T. LTD. (NEW YORK CORPORATION)
2642 BROADWAY
NEW YORK, NY 10025

FOR: DOWNLOADABLE COMPUTER SOFTWARE FOR SCHEDULING, RESERVING AND PROVIDING TRANSPORTATION SERVICES, NAMELY, COMPUTER SOFTWARE TO ENABLE SCHEDULING RESERVATIONS FOR TRANSPORTATION OF PERSONS BY CAR AND LIMOUSINE AND FOR DISPATCHING MOTORIZED VEHICLES TO CUSTOMERS FOR THE PURPOSE OF PROVIDING TRANSPORTATION BY CAR AND LIMOUSINE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 10-11-2012; IN COMMERCE 10-11-2012.

FOR: TRANSPORT OF PERSONS, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 10-12-2012; IN COMMERCE 10-12-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,073,155.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "EXPRESS", APART FROM THE MARK AS SHOWN.

SER. NO. 86-069,436, FILED 9-19-2013.

THEODORE MCBRIDE, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT "F"**

# United States of America

## United States Patent and Trademark Office

# Need a Ride? Just Carmel It!

**Reg. No. 4,522,099**

**Registered Apr. 29, 2014**

**Int. Cls.: 9 and 42**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BARON T. LTD. (NEW YORK CORPORATION), DBA CARMEL CAR & LIMOUSINE SERVICE
2642 BROADWAY
NEW YORK, NY 10025

FOR: DOWNLOADABLE COMPUTER SOFTWARE FOR SCHEDULING, RESERVING AND PROVIDING TRANSPORTATION SERVICES, NAMELY, COMPUTER SOFTWARE TO ENABLE SCHEDULING RESERVATIONS FOR TRANSPORTATION OF PERSONS BY CAR AND LIMOUSINE AND FOR DISPATCHING MOTORIZED VEHICLES TO CUSTOMERS FOR THE PURPOSE OF PROVIDING TRANSPORTATION BY CAR AND LIMOUSINE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-9-2013; IN COMMERCE 5-9-2013.

FOR: PROVIDING TEMPORARY USE OF ON-LINE NON-DOWNLOADABLE SOFTWARE AND APPLICATIONS FOR PROVIDING TRANSPORTATION RESERVATION SERVICES, PROVIDING A BOOKING SERVICE FOR CUSTOMERS WHO REQUEST TRANSPORTATION SERVICES AND FOR DISPATCHING MOTORIZED VEHICLES TO CUSTOMERS SEEKING TRANSPORTATION, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 5-9-2013; IN COMMERCE 5-9-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,073,155.

SER. NO. 86-131,799, FILED 11-29-2013.

THEODORE MCBRIDE, EXAMINING ATTORNEY

*Michelle K. Lee*
**Deputy Director of the United States
Patent and Trademark Office**

**EXHIBIT "G"**

# United States of America

## United States Patent and Trademark Office

# Need a Ride? Just Carmel It!

**Reg. No. 4,521,925**

**Registered Apr. 29, 2014**

**Int. Cl.: 39**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BARON T. LTD. (NEW YORK CORPORATION), DBA CARMEL
2642 BROADWAY
NEW YORK, NY 10025

FOR: TRANSPORT OF PASSENGERS, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 5-9-2013; IN COMMERCE 5-9-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,073,155.

SER. NO. 86-079,522, FILED 10-1-2013.

THEODORE MCBRIDE, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**

**EXHIBIT "H"**



**BetterWhois**
...Search ALL Domain Registrars

## carmelcarservicenyc.com is

## Reserved

New domains suffixes have just been approved. Click here to pre-register names like carmelcarservicenyc.web, carmelcarservicenyc.inc, carmelcarservicenyc.law and more

Registrar:                        Status:

Domain options / additional information: (Click below to expand)

+ if you own this domain...
+ if you are trying to register/buy this domain...
+ if you are researching this domain...

**Domain Registrars**
Domain Reg Services, Inc.
DomainRegistry.com, Inc.
Domain The Net Tech.
DomainZoo.com, Inc.
Dotgel.com
DotForce.com
DotRegistrar.com
Dotster, Inc.
Eastern Comm. Co., Ltd.
EasyDNS Tech., Inc.
EasySpace, Ltd.
EnCirca, Inc.
Enom, Inc.
EPAG
Fabulous.com Pty Ltd.
Freepet GmbH
Future Media Network K.K.
Gabia, Inc.

PREDomain Name: CARMELCARSERVICENYC.COM
Registry Domain ID: 1873555955_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.wildwestdomains.com
Registrar URL: http://www.wildwestdomains.com
Update Date: 2016-05-31T17:29:43Z
Creation Date: 2014-08-31T17:46:24Z
Registrar Registration Expiration Date: 2018-08-31T17:46:24Z
Registrar: Wild West Domains, LLC
Registrar IANA ID: 440
Registrar Abuse Contact Email: abuse@wildwestdomains.com
Registrar Abuse Contact Phone: +1.4806242505
Reseller: elidweb.com - Everything For Your Online Business! 347-370-6314
Domain Status: clientTransferProhibited http://www.icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited http://www.icann.org/epp#clientUpdateProhibited
Domain Status: clientRenewProhibited http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited http://www.icann.org/epp#clientDeleteProhibited
Registry Registrant ID: Not Available From Registry
Registrant Name: Arie Maslawi
Registrant Organization:
Registrant Street: Arie Maslawi 43-04 69th St
Registrant City: Queens
Registrant State/Province: New York
Registrant Postal Code: 11377
Registrant Country: US
Registrant Phone: +1.9177764664
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: universalkbi5@gmail.com
Registry Admin ID: Not Available From Registry
Admin Name: Arie Maslawi
Admin Organization:
Admin Street: Arie Maslawi 43-04 69th St
Admin City: Queens
Admin State/Province: New York
Admin Postal Code: 11377
Admin Country: US
Admin Phone: +1.9177764664
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: universalkbi5@gmail.com
Registry Tech ID: Not Available From Registry
Tech Name: Arie Maslawi
Tech Organization:
Tech Street: Arie Maslawi 43-04 69th St
Tech City: Queens
Tech State/Province: New York

Tech Postal Code: 11377
Tech Country: US
Tech Phone: +1.9177764664
Tech Phone Ext:
Tech Fax:
Tech Fax Ext:
Tech Email: universalkbi5@gmail.com
Name Server: NS41.DOMAINCONTROL.COM
Name Server: NS42.DOMAINCONTROL.COM
DNSSEC: unsigned
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
 Last update of WHOIS database: 2017-06-01T11:00:00Z

For more information on Whois status codes, please visit https://www.icann.org/resources/pages/epp-status-codes-2014-06-16-en

The data contained in this Registrar's Whois database,
while believed by the registrar to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This information
is provided for the sole purpose of assisting you in obtaining
information about domain name registration records. Any use of
this data for any other purpose is expressly forbidden without
the prior written permission of this registrar. By submitting an
inquiry, you agree to these terms of usage and limitations of warranty.
In particular, you agree not to use this data to allow, enable, or
otherwise make possible, dissemination or collection of this data, in
part or in its entirety, for any purpose, such as the transmission of
unsolicited advertising and solicitations of any kind, including spam.
You further agree not to use this data to enable high volume, automated
or robotic electronic processes designed to collect or compile this data
for any purpose, including mining this data for your own personal or
commercial purposes.

Please note: the owner of the domain name is specified in the "registrant" section.
In most cases, the Registrar is not the owner of domain names listed in this database.brbr

| www. | Search |
|---|---|
| Searches shared database registry and queries appropriate registrar. | |

# EXHIBIT "I"







**Camel Car Service.NYC**

HOME   FLEET   SERVICES   RESERVATION

Contact us – Click To Call 212-695-6570

Limousine & Car Service Reservations Request *** Reservations with less than 48 hours notice cannot be considered confirmed

## Car Reservation Form
Please fill in the form below

**Name:**

First Name

Last Name

**Phone Number**

Area Code    Phone Number

**E-mail:**
ex. myname@example.com

**Pick Up Location:**

Street Address

Street Address Line 2

City                    State / Province

Postal / Zip Code    Please Select
                     Country

## Car Information

**Type of transportation?**

**Date**

Month  Day  Year

**Time:**
Hour   Minutes   : PM

**Number of passenger?**

**Destination name/ or Address**







# Service NYC



Submit Form

Please call the office directly with your information.



## About Us

Carmel Car Service NYC is a full-service ground transportation company founded on the belief that our clients' time is their most important commodity. NEW YORK CITY - Queens - Brooklyn - Bronx - Staten Island - Westchester - Connecticut - Long Island - New York - county

## Car Services

- Chauffeured Car Services
- 24 Hour Airport Services
- Business Travel
- Trade Shows & Conventions
- Corporate Meetings & Events

## Flicker

## Contact

- 248 W 57th St. New York, NY 10019
- Click To Call 212-666-6370
- info@carservicenyc.com
- www.carservicenyc.com

**EXHIBIT "J"**

5/3/2018                                    Informational Message

# NYS Department of State

## Division of Corporations

### Informational Message

The information contained in this database is current through May 2, 2018.

---

No business entities were found for Carmel Car Service NYC .

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

<u>Ok</u>

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS Homepage  |  Contact Us

EXHIBIT "K"



**Arie Maslawi**

 Add Friend    Message    ...

Timeline    About    Friends    Photos    More ▾

**DO YOU KNOW ARIE?** 

To see what he shares with friends, send him a friend request.

 Add Friend

 **Intro**

Please ad me into your Groups. (Israeli Driver Groups Welcome )
Professional Manhattan EXECUTIVE NYC CAR SERVICE ON CALL . 24 Hour Service.
CALL NOW     ARIE 917-776-4664
• Affordable and Cheaper Than UBER
www.carservicenyc.info
• Executive Car Service For Professionals
• Emergency Car Service... Continue Reading



Arie and 49 of your friends have featured photos. Add featured photos to your profile too.    **Add Photos**

 **Photos**

  

 **Arie Maslawi**
May 16 at 2:12pm · New York, NY · 🌐

# My girlfriend is the Best!

👍 Like      💬 Comment      ➤ Share

👍 1

 Write a comment...      😊 📷 🎁

 **Arie Maslawi** shared **Danny Danon - דני דנון**'s photo.
January 26 · 🌐



Danny Danon - דני דנון

**EXHIBIT "L"**

# The Shanker Law Firm, P.C.

ATTORNEYS AT LAW
44 WALL STREET
12ᵗʰ FLOOR
NEW YORK, NY 10005

212-461-2244
FAX 646-755-3305
www.shankerlawfirm.com

July 19, 2017

Commissioner Meera Joshi
New York City Taxi & Limousine Commission
33 Beaver Street
New York, NY 10004

Re: Fake Carmel Car Service/Illegal Base Operation
Complaint to TLC re: "Carmel Car Service NYC"

Dear Commissioner Joshi:

PLEASE TAKE NOTICE, that I represent Fast Operating corporation d/b/a Carmel Car and Limousine Service ("Carmel"). As you know, Carmel (B#00256) is a New York City Taxi & Limousine Commission licensed Livery Base Station that has been in good standing for the many decades in which it has been in business. I am writing this letter on behalf of my client to notify you and the Commission of the illegal conduct of a company operating under the name "Carmel Car Service NYC".

Carmel Car Service NYC (the "Fake Carmel") is not a licensed base station with the Commission. A review of the Fake Carmel's website, located at www.carmelcarservicenyc.com, specifically shows that such entity claims to provide transportation services in New York City. Additionally, via this website, a customer can make a reservation for a car from this entity by using their web booking engine. Moreover, one can call the telephone number on this website (212-695-6370) and arrange for transportation to be provided to them in New York City. I have attached some screenshots of the webpages from the Fake Carmel for your review. You can also visit the website yourself as the site remains active.

We have reason to believe that the Fake Carmel has been operating as an unlicensed base station utilizing for-hire vehicles for a prolonged period of time. This issue was initially brought to our attention when our client discovered a bad review on Google which specifically stated that the transportation was arranged via calling 212-695-6370. (See attached). Additionally, this issue was further brought to our attention when another bad review was placed on Yelp. When my client

1

contacted the person who wrote the bad review it was discovered that the transportation was arranged by that person calling 212-695-6370.

Thereafter my client performed a Google search of the telephone number (212-695-6370) which revealed that the Fake Carmel had received 2 reviews. (See attached). Finally, my client called the telephone number in question and the following exchange took place:

Real Carmel Representative:  "Are you Carmel Car Service";
Fake Carmel:  "Yes";
Real Carmel Representative:  "Where is your office";
Fake Carmel:  "West 80 Street";
Real Carmel Representative:  "Are you SURE this is Carmel Car Service? I thought your
                         office was further uptown".
Fake Carmel: " Yes I am your car service".
Real Carmel Representative: "I don't think you are Carmel Car Service";
Fake Carmel: "Yes, I am your car service, do you want a car".

I then took the liberty of checking to see who is the registrant of the domain name in question (carmelcarservicenyc.com) and such revealed the registrant to be someone by the name of Arie Maslawi located at 43-04 69th Street Queens, NY 11377.  (See attached). When I checked other social media, namely Facebook, for information on Arie Maslawi, such Facebook page revealed his phony car service and listed the telephone number in question to call to arrange for transportation. (See attached). Next, upon conducting my own research, it appears from the attached article from CBS News New York that on May 15, 2012 an article was published involving a TLC crackdown on illegal street hails and in which Arie Maslawi stated that not only does he work at night by using his car to pick up fares, but he admitted to having been "busted a couple of times". Moreover, a search with the New York State Department of State revealed no active corporations under the name Carmel Car Service NYC.

In light of the above, I then conducted a further investigation of this matter by personally using the web booking engine located at http://www.carmelcarservicenyc.com/reservation.html. I made a reservation at this website and utilized the name of a former paralegal of mine named John Benjamin as the person to be picked up. The pick-up date was set for Monday July 17, 2017 at 3:00 pm. The pick-up location was entered as 60 Wall Street. Please note that my office is located at 44 Wall Street. I used this pick-up location so I could easily leave my office and appear at the stated pick-up location to see if a vehicle actually arrived. The drop off location was stated to be 201 East 36th Street. I used to live at 200 East 36th Street and know the neighborhood very well. Please note that when I booked the trip, I filled in the web booking form by using a telephone number that is not associated with my law firm or me personally. Such telephone number is 212-484-2211, which rings directly to my smartphone. If I do not pick up the call to such number, then the caller is directed to the voicemail associated with 212-484-2211. If the caller leaves a message, a recording will be made of the message and such recording along with a transcript of the recording is sent to me via email.

On Sunday, July 16, 2017, I received a voice message from the Fake Carmel seeking to confirm my reservation for Monday July 17, 2017 at 3:00 pm. The woman who left the voice message stated that she was calling to confirm because I omitted an email address in the reservation form. The woman went on to state that my reservation was confirmed, my driver would arrive at 3:00 pm and if I had any queries I can call them back at 212-695-6370. Attached is a copy of the recording of this voice message left for me and a copy of the transcript from the voice message.

2

A stated above, my telephone service provider sends me transcripts of all voice messages and such contains not only the details contained in the message, but also the telephone number that was called and the telephone number for the person that called me. As you can see from the attached transcript, the Caller ID for the telephone number that called me on Sunday July 16, 2017 was (718) 440-3168 and was assigned to a person named Arie Maslawi, the same person who is the registrant of the offending domain name listed above. Additionally, the transcript shows that the telephone number telephone number called was 212-484-2211, the same telephone number I used in the Fake Carmel's web booking engine to make the above listed reservation.

Due to an unanticipated conflict in my schedule, I was unable to appear at 60 Wall Street on Monday July 17, 2017 at 3:00 pm to see if a vehicle arrived or not. Today, at 9:37 am, I received a call from a woman with the same voice as in the attached voice message. She stated she was calling from "Carmel Car Service" and wanted to know if I wanted to re-book my request for transportation. I told her no thank you. She said I can call 212-695-6370 or use the website to book any further requests for transportation. I did note that the caller ID on my smartphone for today's call was revealed to be (718) 440-3168, the same telephone number that called me on Sunday, July 16, 2017 to confirm my reservation for Monday July 17, 2017 at 3:00 pm. Attached is a screen shot of my smartphone which shows that someone associated with the (718) 440-3168 telephone number did in fact call me today at 9:37 am.

From the above and the attached, is obvious that the Fake Carmel (Carmel Car Service NYC) and Arie Maslawi are actively engaged in the business of arranging and providing, under prior arrangement, a point to point transportation service within the City of New York. This entity is holding itself out as a car service, but is not licensed to provide such service. This entity and Arie Maslawi are clearly violating my client's intellectual property rights, illegally competing with my client's legitimate livery service, diverting potential business from them and ruining the good will developed by my client over many decades of providing superior transportation services.

Moreover and most importantly, Carmel Car Service NYC and Arie Maslawi are clearly in violation of the Rules and Regulations of the Commission. By operating an unlicensed base, Carmel Car Service NYC and Arie Maslawi are in violation of 35 RCNY 59B-11 which I am sure you are well-aware states as follows: "No person or entity is permitted to operate a business as a Livery Base Station, Black Car Base or Luxury Limousine Base without a Valid For-Hire Base License from the Commission."

Assuming Arie Maslawi is the person providing such transportation services, then he is personally in violation of, amongst other things, 35 RCNY 55-02 and 55-11 pertaining to the provision of unlicensed for-hire transportation by a person without a license. My quick check of the data maintained by the Commission revealed that Arie Maslawi does not hold a for-hire drivers' license.

This type of conduct is an abomination to the for-hire vehicle industry and should not be tolerated by the Commission. The Fake Carmel is serving the neighborhoods and clientele that would otherwise be served by my client. The Fake Carmel has thus far been able to operate a base station and avoid the costs associated with licensure and regulation. This all comes all at the expense of not just my client, but also at the expense of all duly licensed base stations. As you know, unlicensed operators and unlicensed base stations are usually uninsured and often lack New York State vehicle registrations. Thus, there is no accountability in the event of an accident or a service

3

problem. This creates a competitive advantage for the Fake Carmel and a disadvantage for legitimate licensees.

We are well aware that the Commission's purposes in regulation is to protect the safety of the public, promote the improvement of for-hire service, and to establish standards for service, insurance and for the licensing of operators engaged in providing such service. Carmel Car Service NYC and Arie Maslawi are engaged in providing service to the public that is supposed to be licensed and regulated by the TLC. Thus far, Carmel Car Service NYC and Arie Maslawi have avoided regulation and enforcement of the rules of the Commission. The conduct in question not only violates my client's rights, but is illegal and clearly in violation of the TLC Rules and Regulations. We respectfully, request that the Commission open an investigation into this matter and take any/all appropriate actions necessary to rectify this wrong.

If you have any questions, please do not hesitate to contact me at the telephone number listed above.

Very truly yours,

THE SHANKER LAW FIRM, P.C.
By: Steven J. Shanker, Esq.

SJS/

cc:

Christopher Wilson, Esq.
Deputy Commissioner for Legal Affairs/General Counsel

Mr. Gary Weiss
Deputy Commissioner, Licensing

Mr. Raymond Scanlon
Deputy Commissioner, Enforcement

Chief Dianna Pennetti
Chief Enforcement and Inspections Officer

4

EXHIBIT "M"

# The Shanker Law Firm, P.C.

ATTORNEYS AT LAW
44 WALL STREET
12th FLOOR
NEW YORK, NY 10005

212-461-2244
FAX 646-755-3305
www.shankerlawfirm.com

July 20, 2017

**SENT VIA FEDERAL EXPRESS**
**Overnight Delivery**

Arie Maslawi
43-04 69th Street
Woodside, NY 11377.

> Re:   Trademark Infringement
>         Our Client: Baron t. Ltd. d/b/a Carmel Car & Limousine Service
>         <u>Our File #: 2017-6-00791</u>

Dear Mr. Maslawi:

PLEASE TAKE NOTICE, that this firm is General Counsel to Baron T. Ltd. d/b/a Carmel Car & Limousine Service (hereinafter "Carmel"), a New York Corporation. Please send all future correspondence referable to this matter to my attention at the address listed above. It has been brought to our attention that your business, Carmel Car Service NYC, has been using the <u>"Carmel" trademark</u> in association with the marketing and/or sale of your products and services. It is possible that you were unaware of this conflict, so we believe that it is in our mutual interest to bring this matter to your attention.

Carmel is a registered trademark (U.S. Reg. No. 3,073,155) of our client's business, Carmel Car & Limousine Service, and is used in conjunction with the provision of transportation of passengers by limousine or car. Carmel's federal registration in international class 039 has been in full effect since March 28, 2006. The mark for this international classification of goods/services has been continuously used in commerce by our client since March, 1983 (over 30 years ago) and has been was registered with the United States Patent and Trademark Office for over 9 (nine) years. A copy of the federal trademark registration for international class 039 is attached for your reference as <u>Exhibit A</u>.

Next, Carmel is a registered trademark (U.S. Reg. No. 4,521,923) of our client's business and is used in conjunction with the provision of temporary use of on-line non-downloadable software for providing transportation reservation services, providing a booking service for customers who request transportation services and for dispatching motorized vehicles to customers seeking transportation. Carmel's federal registration in international class 042 has

1

been in effect April 29, 2014. The mark for this international classification of goods/services has been continuously used in commerce by our client since June, 2006. A copy of the federal trademark registration for international class 042 is attached for your reference as <u>Exhibit B</u>.

Finally, Carmel is a registered trademark (U.S. Reg. No. 4,593,031) of our client's business and is used in conjunction with the provision of downloadable computer software for use in scheduling, reserving and providing transportation services, namely, downloadable computer software to enable scheduling reservations for transportation of persons by car and limousine and for dispatching motorized vehicles to customers for the purpose of providing transportation by car and limousine. Carmel's federal registration in international class 009 was registered on August 26, 2014. The mark for this international classification of goods/services has been continuously used in commerce by our client since December, 2010. A copy of the federal trademark registration for international class 009 is attached for your reference as <u>Exhibit C</u>.

Our client's federal registration of these trademarks provides our client with certain proprietary rights. This includes the right to restrict the use of the trademark, or a confusingly similar trademark, in association with confusingly similar products or services. The Lanham Act (the U.S. Trademark Act), also provides numerous remedies for trademark infringement and dilution, including, but not limited to, preliminary and permanent injunctive relief, money damages, a defendant's profits, provisions for the destruction or confiscation of infringing products and promotional materials, and where intentional infringement is shown, attorneys' fees and possible treble money damages.

It is important that our client exercises its right to protect their trademarks. It serves as an important and distinctive representation of the origin of our client's products and services as well as the goodwill of our client's company. State and federal law supports our position that confusingly similar trademarks may cause confusion among customers. This confusion may cause substantial harm to our client's trademarks by facilitating the loss of its' effectiveness in establishing a distinct association between our client's trademarks, their products and services, as well as the goodwill of our client's company.

<u>Due to these concerns, and because unauthorized use of our federally registered trademark amounts to an infringement of our trademark rights, we respectively request that you cease and desist in any further use of the "Carmel" trademark in association with the sale, marketing, distribution, promotion or other identification of your products, or services.</u>

This letter is sent without prejudice to our client's rights and claims, all of which are expressly reserved. In addition to this certified mail, return receipt requested version of this letter I am also sending you a copy of this letter by regular first class mail in case you refuse to accept the certified mail version this letter.

Please respond by letter indicating your intention to cease and desist the use of the "Carmel" trademark, or any confusingly similar trademark, within ten (10) calendar days. We hope that this issue may be resolved this way so we can avoid any further legal remedies as provided by state law and under federal law pursuant to the Lanham Act. If you have any questions, please do not hesitate to contact me at the telephone number listed above.

2

Very truly yours,

THE SHANKER LAW FIRM, P.C.
By: Steven J. Shanker, Esq.

SJS/

3

7/20/17, 12:18 PM

**FedEx**   Shipment Receipt

**Address Information**

**Ship to:**
Arie Maslawi

43-04 69th Street

Woodside, NY
11377
US
212-695-6370

**Ship from:**
Steven J. Shanker, Esq.
The Shanker Law Firm, P.C.
44 Wall Street- 12th Floor

New York, NY
10005
US
2124612244

**Shipment Information:**
Tracking no.: 779693898291
Ship date: 07/20/2017
Estimated shipping charges: 16.65 USD

**Package Information:**
Pricing option: FedEx Standard Rate
Service type: Standard Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.20  LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Use an already scheduled pickup at my location

**Billing Information:**
Bill transportation to: shanker work-022
Your reference:
P.O. no.:
Invoice no.:
Department no.:

---

Thank you for shipping online with FedEx ShipManager at fedex.com.

**Please Note**

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details. The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

From: TrackingUpdates@fedex.com
Subject: FedEx Shipment 779693898291 Delivered
Date: July 25, 2017 at 11:55 AM
To: steven@shankerpc.com



# Your package has been delivered

Tracking # 779693898291

Ship date:
Mon, 7/24/2017

Steven J. Shanker, Esq.
The Shanker Law Firm, P.C.
New York, NY 10005
US

 Delivered

Delivery date:
Tue, 7/25/2017 11:52 am

Arie Maslawi
43-04 69th Street
Woodside, NY 11377
US

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| Tracking number: | 779693898291 |
| Status: | Delivered: 07/25/2017 11:52 AM Signed for By: Signature not required |
| Signed for by: | Signature not required |
| Delivery location: | Woodside, NY |
| Delivered to: | Residence |
| Service type: | FedEx Standard Overnight |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Deliver Weekday |
| | Residential Delivery |
| Standard transit: | 7/25/2017 by 8:00 pm |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 10:55 AM CDT on 07/25/2017.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2017 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our privacy policy. All rights reserved.

Thank you for your business.

**EXHIBIT "N"**

# The Shanker Law Firm, P.C.

ATTORNEYS AT LAW
44 WALL STREET
12ᵗʰ FLOOR
NEW YORK, NY 10005

212-461-2244
FAX 646-755-3305
www.shankerlawfirm.com

September 1, 2017

**SENT VIA FEDERAL EXPRESS**
**Overnight Delivery**

Arie Maslawi
43-04 69ᵗʰ Street
Woodside, NY 11377

Re:  Trademark Infringement
     Our Client: Baron t. Ltd. d/b/a Carmel Car & Limousine Service
     Our File #: 2017-6-00791

Dear Mr. Maslawi:

PLEASE TAKE NOTICE, that this firm is General Counsel to Baron T. Ltd. d/b/a Carmel Car & Limousine Service (hereinafter "Carmel"), a New York Corporation. Please send all future correspondence referable to this matter to my attention at the address listed above.

On July 20, 2017, I sent you a letter notifying you that it has been brought to our attention that your business, Carmel Limo Car Service, LLC, has been improperly using our client's "Carmel" trademarks in association with the marketing and/or sale of your products and services. I notified you that it is possible that you were unaware of this conflict, so we believed that it was in our mutual interest to bring this matter to your attention. In such letter, I sent you proof of registration of such trademarks proving your clear violation. I asked that you cease and desist in any further use of the "Carmel" trademark in association with the sale, marketing, distribution, promotion or other identification of your products and/or services.

Despite our letter, you have continued to utilize the name "Carmel" in association with the sale, marketing, distribution, promotion or other identification of your products and/or services. As of this date you remain in violation of the law and are continuing to violate our client's intellectual property rights. Also, it seems apparent that you have no intent on ceasing the improper use and infringement of our client's trademarks. As such, please let this letter serve as **formal notice that if you do not cease and desist, within the next 30 days, in any further use of the "Carmel" trademark in association with the sale, marketing, distribution,**

1

**promotion or other identification of your products and/or services, we will be forced to file suit against you for, among other things, violation of the the Lanham Act**. This law gives federal judicial protection to owners of trademarks against those who infringe upon such marks and establishes remedies for trademark owners. Such remedies include, but are not limited to recovery of (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. In certain circumstances, attorney's fees may also be awarded. Finally, the court has the power to grant an injunction prohibiting your use of such mark and to prevent the continued violation of the rights of the registrant of such trademarks.

As stated in my prior letters, Carmel is a registered trademark (U.S. Reg. No. 3,073,155) of our client's business, Carmel Car & Limousine Service, and is used in conjunction with the provision of transportation of passengers by limousine or car. Carmel's federal registration in international class 039 has been in full effect since March 28, 2006. The mark for this international classification of goods/services has been continuously used in commerce by our client since March, 1983 (over 30 years ago) and has been was registered with the United States Patent and Trademark Office for over 9 (nine) years. A copy of the federal trademark registration for international class 039 is attached for your reference as Exhibit A.

Next, Carmel is a registered trademark (U.S. Reg. No. 4,521,923) of our client's business and is used in conjunction with the provision of temporary use of on-line non-downloadable software for providing transportation reservation services, providing a booking service for customers who request transportation services and for dispatching motorized vehicles to customers seeking transportation. Carmel's federal registration in international class 042 has been in effect April 29, 2014. The mark for this international classification of goods/services has been continuously used in commerce by our client since June, 2006. A copy of the federal trademark registration for international class 042 is attached for your reference as Exhibit B.

Finally, Carmel is a registered trademark (U.S. Reg. No. 4,593,031) of our client's business and is used in conjunction with the provision of downloadable computer software for use in scheduling, reserving and providing transportation services, namely, downloadable computer software to enable scheduling reservations for transportation of persons by car and limousine and for dispatching motorized vehicles to customers for the purpose of providing transportation by car and limousine. Carmel's federal registration in international class 009 was registered on August 26, 2014. The mark for this international classification of goods/services has been continuously used in commerce by our client since December, 2010. A copy of the federal trademark registration for international class 009 is attached for your reference as Exhibit C.

Our client's federal registration of these trademarks provides our client with certain proprietary rights. This includes the right to restrict the use of the trademark, or a confusingly similar trademark, in association with confusingly similar products or services. Since you have been placed on notice of your violation, but have refused to cease and desist, your continued misuse of our client's trademarks makes your violation an intentional infringement. Under the Lanham Act, when there is an intentional infringement, not only may attorneys' fees, be awarded, but the court has the power to impose treble money damages.

It is important that our client exercises its right to protect their trademarks. It serves as an important and distinctive representation of the origin of our client's products and services as well

as the goodwill of our client's company. State and federal law supports our position that confusingly similar trademarks may cause confusion among customers.

The confusion you have caused by the misuse of our client's trademarks has and will continue to cause substantial harm to our client's intellectual property by facilitating the loss of its' effectiveness in establishing a distinct association between our client's trademarks, their products and services, as well as the goodwill of our client's company.

This letter is sent without prejudice to our client's rights and claims, all of which are expressly reserved. In addition to this certified mail, return receipt requested version of this letter I am also sending you a copy of this letter by regular first class mail in case you refuse to accept the certified mail version this letter.

I am sending this letter again in a final good faith effort to resolve this matter amicably so we can avoid taking legal action, as provided by state law and under federal law pursuant to the Lanham Act. If I do not hear from you within 30 days receipt of this letter, we will have no choice but to advise our client to pursue their legal remedies for this blatant violation of their rights. If you have any questions, please do not hesitate to contact me at the telephone number listed above.

Very truly yours,

THE SHANKER LAW FIRM, P.C.
By: Steven J. Shanker, Esq.

SJS/

3

9/1/17, 4:42 PM

**FedEx**   Shipment Receipt

## Address Information

**Ship to:**
Arie Maslawi

43-04 69th Street

Woodside, NY
11377
US
212-695-6370

**Ship from:**
Steven J. Shanker, Esq.
The Shanker Law Firm, P.C.
44 Wall Street- 12th Floor

New York, NY
10005
US
2124612244

## Shipment Information:

Tracking no.: 770172058047
Ship date: 09/01/2017
Estimated shipping charges:  21.00 USD

## Package Information

Pricing option: FedEx Standard Rate
Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.20  LBS
Declared Value: 0.00  USD
Special Services: Residential Delivery
Pickup/Drop-off: Use an already scheduled pickup at my location

## Billing Information:

Bill transportation to: shanker work-022
Your reference:
P.O. no.:
Invoice no.:
Department no.:

Thank you for shipping online with FedEx ShipManager at fedex.com.

**Please Note**

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details. The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

From:  TrackingUpdates@fedex.com
Subject:  FedEx Shipment 770172058047 Delivered
Date:  September 5, 2017 at 9:08 AM
To:  steven@shankerpc.com



# Your package has been delivered

Tracking # 770172058047

Ship date:
Fri, 9/1/2017

Delivery date:
Tue, 9/5/2017 9:07 am

Steven J. Shanker, Esq.
The Shanker Law Firm, P.C.
New York, NY 10005
US

Delivered

Arie Maslawi
43-04 69th Street
Woodside, NY 11377
US

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| Tracking number: | 770172058047 |
| Status: | Delivered: 09/05/2017 09:07 AM Signed for By: Signature not required |
| Signed for by: | Signature not required |
| Delivery location: | Woodside, NY |
| Delivered to: | Residence |
| Service type: | FedEx Priority Overnight |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Deliver Weekday |
| | Residential Delivery |
| Standard transit: | 9/5/2017 by 10:30 am |

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 8:08 AM CDT on 09/05/2017.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2017 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and International law. Review our privacy policy. All rights reserved.

Thank you for your business.

**EXHIBIT "O"**

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through September 5, 2017.

---

Selected Entity Name: AM AUTO GROUP CORP
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | AM AUTO GROUP CORP |
| **DOS ID #:** | 4820134 |
| **Initial DOS Filing Date:** | SEPTEMBER 15, 2015 |
| **County:** | QUEENS |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

AM AUTO GROUP CORP
43 04 69ST UNIT 3
WOODSIDE, NEW YORK, 11377

**Registered Agent**

NONE

This office does not record information regarding the
names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be

listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate of
incorporation, however this information is not
recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| SEP 15, 2015 | Actual | AM AUTO GROUP CORP |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York
State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us

EXHIBIT "P"

Carmel Car Service NYC - 11 Reviews - Limos - Midtown West, New York, NY - Phone Number - Yelp                   9/8/17, 10:58 AM

**Find** tacos, cheap dinner, Max's                          **Near** New York, NY, US

Restaurants          Nightlife          Home Services          Write a Review          Events          Talk



# Carmel Car Service NYC ✔ Claimed

⭐⭐⭐⭐⭐ 11 reviews    📊 Details

Limos, Town Car Service, Airport Shuttles    ✏ Edit



📍 New York, NY 10018    ✏ Edit
   Midtown West, Hell's Kitchen
📞 (212) 695-6370
🔗 carmelcarservicenyc.com
📱 Message the business
📲 Send to your Phone

## Ask the Community

Yelp users haven't asked any questions yet about **Carmel Car Service NYC**.

## Recommended Reviews for Carmel Car Service NYC

🔆 Your trust is our top concern, so businesses can't pay to alter or remove their reviews. Learn more. ✕

Search within the reviews          Sort by Yelp Sort ▾    Language English (11) ▾

 **Steven S.**
Middletown, NJ
👍 0 friends
📷 3 reviews

Start your review of **Carmel Car Service NYC.**

 **Bill R.**
New York, NY
👍 0 friends
📷 22 reviews

🕐 Today **12:00 am - 12:00 pm**
   Open now

**Hours**

| | | |
|---|---|---|
| Mon | 12:00 am - 12:00 pm | |
| Tue | 12:00 am - 12:00 pm | |
| Wed | 12:00 am - 12:00 pm | |
| Thu | 12:00 am - 12:00 pm | |
| Fri | 12:00 am - 12:00 pm | Open now |
| Sat | 12:00 am - 12:00 pm | |
| Sun | 12:00 am - 12:00 pm | |

✏ Edit business info

 **Audrey F.**
First to review

**You might also consider**

**Other places nearby**

Find more Airport Shuttles near Carmel Car Service NYC

Find more Limos near Carmel Car Service NYC

Find more Town Car Service near Carmel Car Service NYC

**Browse nearby**

🍴 Restaurants

Carmel Car Service NYC - 11 Reviews - Limos - Midtown West, New York, NY - Phone Number - Yelp                    9/8/17, 10:58 AM

⭐⭐⭐⭐⭐ 3/10/2017

Carmel is hit and miss. Sometimes they come through and
sometimes they don't, and when they don't come through
it doesn't bother them in the least. Today, for example, I
discovered there is no difference in size or type of vehicle
between their Full Size Sedan, Luxury Sedan, and Deluxe
Sedan. I was told the difference is a Deluxe Sedan would
be a vehicle that's 2014 or later, a Luxury Sedan would be
2012 to 2014, and a Full Size Sedan could be anything.

Really? Please take a look at their rates page from the link
I've included and consider whether that's clear. Personally,
I think it's misleading at beast and false advertising at
worst.

carmellimo.com/Rates.sht...

I paid for a Deluxe Sedan and a beaten up dirty little
Avalon picked me and my family up at the airport. I
guess it ends up being a crap shoot as to what vehicle you
get, so why bother to pay for a "Luxury" or "Deluxe"? I
mean, seriously, does anyone think of Luxury or Deluxe
when they think of the Avalon? Carmel certainly does.



 **Dan L.**
Columbus, OH
👤 0 friends
📷 8 reviews

⭐⭐⭐⭐⭐ 8/19/2017

When they say 5 - 7 minutes - Carmel is UNTRUTHFUL.
Not a one off incident and finally I consider them un-
bankable.  Landed NYC, told 5 - 7 min.  15 min later I
called for status then put on hold for another 5 minutes
only to be told they were 'backup' up and it would be
another 20 - 25 minutes before I would get the pickup.

 **Melanie Y.**
Dallas, TX
👤 187 friends
📷 43 reviews
📷 4 photos

 Cafes
Food
Bars
Shopping
Hotels
Landmarks
Show all

⭐⭐⭐⭐⭐ 6/26/2017
Worst service ever! DO NOT USE! Prepaid for service and driver said we need to pay $15 cash for tolls. When we disagreed he pulled over and told us to get out of his car. Then we said we would pay tolls he was angry and took us the long way to airport causing us to be 40 mins late.






Jessica G.
New York, NY
♦ 7 friends
⚫ 8 reviews

⭐⭐⭐⭐⭐ 7/13/2017
Landed just after 11pm and actually had a car service reservation with Carmel that I made before my flight took off. Carmel car service sucks. They honestly are the worst. Still here at airport. Waiting. It is 12:37am. Can't get a cab as line is too long. Can't get another car service as that is all booked as well. Beyond frustrated. The most unreliable and rudest. Don't ever take them.


Karen H.
Amityville, NY
♦ 7 friends
⚫ 44 reviews
📷 8 photos

 6/19/2017

I'll echo what others have said! Total ripoff!!!! Charged us three times what we had been charged previously for the same ride!!  When we called to question the amount, the same rude woman who initially booked the ride, hung up on me!! Be warned! They should be investigated and put out of business!!!!


joyce p.
New York, NY
0 friends
24 reviews

 7/9/2017

This is the worst car service I ever used. The driver was 15 minutes early, I wasn't called from the car on his arrival as I requested. I only knew he was downstairs because my doorman called.  My doorman put the luggage in the car and opened the door for me. The car was some sort of low priced tiny car. The front seat was pushed all the way forward so you could fit  into the back. The upholstery was some sort of cheap multi colored cheap fabric that I had never seen before. I asked the driver a few questions but he didn't answer. I asked if he had GPS and he didn't answer. He had no cell phone or GPS. After driving to the airport in total silence, he pulled out his flip phone that had the credit card square on it. The total included a 20% tip and when I objected he got very angry and muttered something in a foreign asian language. After I signed the credit card slip, he made no motion to get my luggage out of the trunk. I asked him a few times to get my luggage out of the trunk and he didn't move. I finally got out of the car and knocked on the trunk. I am handicapped and he made no effort to open the passenger door or to help me.  He was angry and awful. He took my suitcase out o the trunk and left it right behind the car. He didn't even bother to bring it to the curb.

Do not use this service. It is a disgrace. If you want to have a terrible nerve wracking experience use Carmel, otherwise use a Yellow Cab or a different service. My driver also didn't speak any English, I don't know how he could have gotten his license.


Kim M.
Marble Falls, TX
0 friends
1 review

 7/20/2017

I would not recommend this company. The driver we arranged was running 15 minutes late so we had to make alternative arrangements. I am trying to get someone to call me back so we can get a credit. You cannot speak to anyone in customer service you have to wait for them to call you. They don't bother - it's been over a week and 10 calls later.



**Jean C.**
La Marque, TX
0 friends
1 review

 3/30/2017

Con Artists! One star is too genereous! Prepaid the fare with confirmation prior to our arrival for a ride from the airport to the hotel. On the way to the hotel, we found out that the cost of the ride would be 20.00 more. We were told that we could get out of the car or pay the additional fare. We reluctantly agreed. Imagine that...a 75 year old woman and two 53 year old women  kicked out of the car with our luggage in the middle of Queen's at night. Once we got to the hotel, we were charged another 20.00. We are thankful that we made it to the hotel...just don't want anyone else to get ripped off.



**Kim L.**
West Sacramento, CA
0 friends
1 review

 5/20/2017

One star is way too generous. Driver was the rudest person I have come in contact with. His driving was horrible. Speeding, cutting cars off, weaving in and out of traffic. If I would have known where I was I would have had him pull over and let us out. When we got to the hotel he tried to get us to pay again even though it was prepaid. Then he said we needed to pay the $8.50 toll plus tip. He didn't deserve a tip. My husband gave him a $10.00 and he kept asking for a tip. I told my husband to give him $5 just to get him to leave and he threw it back at my husband laughed and got back in his car and left. I called the company to file a complaint, they never called me back.



**Lois F.**
Mill Valley, CA
0 friends
1 review

⭐⭐⭐⭐⭐ 4/16/2017

Driver was speeding. Driver was passing in the right. Driver was eating donuts while driving. Drive was drinking from a tall thermos and tipping his head back while driving. Driver didn't know the difference between Virgin Atlantic and Virgin America. Bye Bye Carmel.





**Audrey F.**
Roslyn, NY
0 friends
1 review

⭐⭐⭐⭐⭐ 3/2/2017

First to Review

This company is not trustworthy and has poor customer service. I used car service to travel into Manhattan. The driver chose to use a two toll route instead of one toll. The driver continually complained about how tired he was from the minute I got into the car. Worst of all, in the middle of the Bronx, the driver told me he had to "relieve himself" and pulled into a Dunkin Donuts in the Bronx and left me in the car for five minutes. When I complained to Carmel car service , they did nothing. They have terrible customer service. In my second call to them, they hung up on me. I would NEVER recommend his car service. Poor customer service and shady drivers.



Page 1 of 1

4 other reviews that are not currently recommended ▾

**Best of Yelp New York — Limos**

**NYC Executive Limo**
⭐⭐⭐⭐⭐ 127 reviews

**Precision NY Chauffeur & Airport Transportation Services**
⭐⭐⭐⭐⭐ 163 reviews

**WiroLimo**
⭐⭐⭐⭐⭐ 324 reviews

See More **Limos** in New York

**Other Town Car Service Nearby**

**About**
About Yelp
Order Food on Eat24
Careers
Press
Investor Relations

**Discover**
The Local Yelp
Yelp Blog
Support
Yelp Mobile
Developers

**Yelp for Business Owners**
Claim your Business Page
Advertise on Yelp
Online Ordering from Eat24
Yelp Reservations
Business Success Stories

**Languages**
English ▾

**Countries**
United States ▾

Carmel Car Service NYC - 11 Reviews - Limos - Midtown West, New York, NY - Phone Number - Yelp                                9/8/17, 10:58 AM

Content Guidelines               RSS                                Business Support
Terms of Service                                                    Yelp Blog for Business Owners
Privacy Policy
Ad Choices

Copyright © 2004–2017 Yelp Inc. Yelp, yelp, and related marks are registered trademarks of Yelp.